UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLDEN TECHNOLOGIES INC.<br>401 Bridge St.<br>Old Forge, PA 18518<br><br>      Plaintiff,<br><br>  v.<br><br>PRIDE MOBILITY PRODUCTS CORPORATION<br>401 York Avenue<br>Duryea, PA 18642<br>      Defendant. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED**<br><br>ELECTRONICALLY FILED |

## COMPLAINT

This is an action for infringement of United States Patent No. 11,412,853 (the "853 Patent" or "Patent-in-Suit") arising under the patent laws of the United States, Title 35, United States Code, Sections §100 et seq.

## PARTIES

1. Plaintiff, Golden Technologies Inc. ("Golden" or "Plaintiff") is a corporation organized and existing under the laws of Pennsylvania, having a principal place of business at 401 Bridge St., Old Forge, Pennsylvania 18518.

2. Upon information and belief, Defendant Pride Mobility Products Corporation ("Pride" or "Defendant") is a corporation organized and existing under the laws of Pennsylvania, with a business address of 401 York Avenue, Duryea, PA 18642.

3. Pride manufactures for sale and/or sells powered lift chairs to consumers in the United States and, more particularly, in the Eastern District of Pennsylvania.

8335976.3

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 101, et seq.

5. Subject matter jurisdiction is conferred on this Court through federal questions pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Pride. Pride has regularly conducted and continues to conduct business in the Commonwealth of Pennsylvania. Pride is registered to conduct business in Pennsylvania and, directly and/or through intermediaries, manufactures, ships to and distributes, offers for sale, and sells products, including those products that are the subject of this action, in the Commonwealth of Pennsylvania and within this judicial district.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400. On information and belief, Defendant has committed acts of infringement of the Patent-in-Suit in this district by offering for sale the Pride VivaLift! Ultra lift chair (the "Accused Product") and has a regular and established place of business in this district at 401 York Avenue, Duryea, PA 18642.

## BACKGROUND

8. Golden, is the owner of the full right, title and interest in and to the '853 Patent, entitled RECLINER OR LIFT AND RECLINER CHAIR WITH VARIABLE LIFT PROFILE, which was originally issued by the United States Patent and Trademark Office (USPTO) on August 16, 2022. A true and correct copy of the '853 Patent is attached as **Exhibit A**.

9. Supplemental Reexamination of the '853 Patent was requested on March 24, 2023 and a Reexamination Certificate was issued by the USPTO on December 14, 2023. A copy of the Reexamination Certificate is attached as **Exhibit B.**

10. Golden is the owner of the entire right, title and interest in the Patent-in-Suit by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the patent-in-suit. Attached as **Exhibit C** is a copy of the Assignment of the '853 Patent to Golden, as recorded with the USPTO on October 26, 2020.

11. The claims of the '853 Patent carry the presumption of validity under 35 U.S.C. §282(a) and are enforceable.

12. The '853 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code

## COUNT I – PATENT INFRINGEMENT

13. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-12 above.

14. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

15. Upon information and belief, Pride is willfully and directly infringing, contributing to, and/or inducing the infringement of the '853 Patent by making, selling, offering for sale and/or using, and/or is contributing to others making, selling, offering for sale and/or using, and/or is inducing others into making, selling, offering for sale and/or using the Accused Product embodying the invention defined by one or claims of the Patent-in-Suit, without authority or license, from Plaintiff and will continue to do so unless enjoined by this Court.

16. True and correct copies of the photographs of the Pride Viva Ultra Lift Chair brochure and the Pride Viva Ultra Lift Chair Mechanism drawings from the Pride product manual are attached hereto as **Exhibits D** and **E** respectively.

17. Upon information and belief, the Accused Product infringes as least claims 12, 13, 14, 16, 18, 19, and 20 of the '853 Patent, literally or under the doctrine of equivalents.

18. By way of illustration, claim 12 of the '853 Patent recites:

12. A recliner chair, comprising:
a recline chair mechanism providing a reclining movement, the recline chair mechanism having a recline base;
a seat and a back connected to the recline chair mechanism, with the back being effectively connected relative to the seat;
a cradle assembly, including:
a cradle base;
one pair of aligned pivot axes on the cradle base;
the recline base being pivotably connected to the cradle base at the one pair of aligned pivot axes;
a cradle actuator connected between the cradle base and the recline base for pivoting the recline base about the one pair of aligned pivot axes; and
a controller that controls movement of the cradle actuator.

19. As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product is "a recliner chair" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "A recliner chair, comprising:" |  |

20. As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a recline chair mechanism providing a

reclining movement, the recline chair mechanism having a recline base" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| a recline chair mechanism providing a reclining movement, the recline chair mechanism having a recline base; |  |

21. As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a seat and a back connected to the recline chair mechanism, with the back being effectively connected relative to the seat" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a seat and a back connected to the recline chair mechanism, with the back being effectively connected relative to the seat;" |  back connected to seat; seat; back and seat connected to the recline chair mechanism |

22. As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a cradle assembly, including: a cradle base; one pair of aligned pivot axes on the cradle base" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a cradle assembly, including: a cradle base; one pair of aligned pivot axes on the cradle base;" | pivot axis; cradle assembly; cradle base; pivot axis |

23. As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "the recline base being pivotably connected to the cradle base at the one pair of aligned pivot axes" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "the recline base being pivotably connected to the cradle base at the one pair of aligned pivot axes;" |  pivot axis<br><br>hinge creates pivotable connection between recline base and cradle base |

24. As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a cradle actuator connected between the cradle base and the recline base for pivoting the recline base about the one pair of aligned pivot axes" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a cradle actuator connected between the cradle base and the recline base for pivoting the recline base about the one pair of aligned pivot axes;" | Cradle actuator between cradle base and recline base for pivoting the recline base about the one pair of aligned |

25. As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a controller that controls movement of the cradle actuator" as in claim 12 of the '853 Patent:

8335976.3

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a controller that controls movement of the cradle actuator" |  controller that controls movement |

26. Claim 13 of the '853 Patent recites, "13. The recliner chair of claim 12, wherein the recline base is connected to the cradle base via pins extending along the pivot axes." The discussion of independent claim 12 is incorporated by reference. The Accused Product further includes pins connecting the recline base to the cradle base extending along the pivot axes.

27. Claim 14 of the '853 Patent recites, "14. The recliner chair of claim 12, further comprising a recline actuator, and the controller is further configured to actuate the recline actuator adjust a position of the seat." The discussion of independent claim 12 is incorporated by reference. The Accused Product further includes a recline actuator, and the controller is further configured to actuate the recline actuator adjust a position of the seat.

28. Claim 16 of the '853 Patent recites, "16. The recliner chair of claim 14, wherein the controller comprises a processor and a controller memory, a control device is connected to the controller, and the controller memory is configured to store pre-set actuator positions for the recline actuator and the cradle actuator that are activatable via the control device." The discussions of independent claim 12 and dependent claim 14 are incorporated by reference. The Accused

Product includes a controller that comprises a processor and a controller memory, a control device connected to the controller, and the controller memory is configured to store pre-set actuator positions for the recline actuator and the cradle actuator that are activatable via the control device.

29. Claim 18 of the '853 Patent recites, "18. The recliner chair of claim 14, wherein the recline actuator and the cradle actuator are electric motor driven actuators." The discussions of independent claim 12 and dependent claim 14 are incorporated by reference. The Accused Product includes electric motor driven actuators for the recline actuator and the cradle actuator.

30. Claim 19 of the '853 Patent recites, "19. The recliner chair of claim 12, further comprising an extendable footrest connected to the recline chair mechanism." The discussion of independent claim 12 is incorporated by reference. The Accused Product includes an extendable footrest connected to the recline chair mechanism.

31. Claim 20 of the '853 Patent recites, "20. The lift and recliner chair of claim 19, wherein recline chair mechanism includes two pantograph linkages connected between the seat and the footrest." The discussions of independent claim 12 and dependent claim 19 are incorporated by reference. The Accused Product includes a recline chair mechanism with two pantograph linkages connected between the seat and the footrest.

32. Pride has been on notice of its infringement of the '853 Patent, and has continued to infringe the '853 Patent after such notice. On November 22, 2022, Golden by, and through its counsel, notified Pride's counsel of the infringement of the '853 Patent through the production and sale of the Accused Product, as shown by attached **Exhibit F**. On December 20, 2022, Defendant's counsel responded without providing any basis for the position of non-infringement, as shown in attached correspondence attached as **Exhibit G**.

33. On January 13, 2023, Plaintiff's sent another notice of infringement letter with a detailed claim chart outlining the basis for infringement by the Accused Product, as shown in attached **Exhibit H**. On January 31, 2023, Defendant's counsel responded without providing any detailed basis for Defendant's position, as shown in attached as **Exhibit I**.

34. On or around February 9, 2023 Plaintiff sent a third letter, attached **Exhibit J**, to which no reply was received.

35. Plaintiff, by and through its counsel, thereafter requested supplemental reexamination of the '853 Patent. Following the issuance of the Reexamination Certificate on December 14, 2023, Plaintiff herein sent its fourth notice of infringement, attached **Exhibit K**, to Defendant's counsel on January 9, 2024. In response, Defendant's counsel replied with a minimal response, as shown in attached correspondence as **Exhibit L**.

36. On information and belief, Pride has taken no action to stop selling and offering for sale the Accused Product and will continue to take no action unless restrained and enjoined by this Court.

37. On information and belief, Pride's continued infringement is deliberate and willful, and is with full knowledge of the '853 Patent and the applicability of the '853 Patent to the Accused Product.

38. On information and belief, as a result of Pride's acts, Golden has suffered and will continue to suffer irrevocable damages in its trade and business.

39. On information and belief, Defendant has profited by virtue of its infringement of the '853 Patent.

40. On information and belief, as a result of Pride's willful, wanton and deliberate acts, Golden has suffered monetary damages by reason of Pride's infringement of the '853 patent, the amount of which is presently unknown.

41. Golden has sustained irreparable harm to its business, and unless Pride is enjoined and restrained by this court, Pride will continue in the activities alleged herein and as a result thereof, Golden will continue to sustain irreparable harm to its business.

42. Golden has no adequate remedy at law.

**WHEREFORE**, Golden prays for the following relief:

1. A judgment that Defendant has infringed one or more claims of the Patent-in-Suit;

2. An order permanently restraining and enjoining Defendant, its officers, agents, attorneys and employees, and those acting in privity or concert with Defendant, from engaging in the manufacture, use, offer for sale or sale within the United States, or importation into the United States, of the Accused Product, and any other product made, used or sold by Defendant having the same features and functionality, for the full term of the Patent-in-Suit;

3. An order requiring Defendant to take all necessary and appropriate steps to recall for destruction all products infringing the '853 Patent;

4. An order requiring Pride to send a written notice, acceptable to Golden and the Court, notifying each customer from whom it has received an order for any infringing product that the order is cancelled;

5. An order requiring Pride to provide Golden with a list of all customers that have received or have ordered any infringing products;

6. Damages or other monetary relief to Plaintiff;

7. Costs and reasonable attorneys' fees relating to this action pursuant to 35 U.S.C. § 285;

8. An award of damages, no less than Golden's lost profits, against Pride that is sufficient to compensate Golden for its damage pursuant to the provisions of 35 U.S.C. § 284;

9. An Order trebling the amount the damages pursuant to the provisions of 35 U.S.C. §§ 284 and 285 for Pride's willful, wanton, and malicious conduct;

10. An award of attorneys' fees pursuant to 35 U.S.C. § 285; and

11. Such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Golden hereby demands trial by jury of all issues properly tried to a jury.

Respectfully submitted,

Date: March 15, 2024

By: *s/ Michael F. Snyder*
Michael F. Snyder, Esquire, PA #76,386
Ryan J. O'Donnell, Esquire, PA #89,775
VOLPE KOENIG
30 S. 17th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6400
Facsimile: (215) 568-6499
MSnyder@vklaw.com
RODonnell@vklaw.com

*Attorneys for Plaintiff,*
*Golden Technologies Inc.*

8335976.3